UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN CARLOS FLORES FLORES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN MATTOS, *et al.*,<br><br>　　　　Respondents. | Case No. 2:26-cv-00354-RFB-MDC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

　　Before the Court is Petitioner Juan Carlos Flores Flores' Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts that his detention by Respondents without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See ECF No. 5 at 5-8.

　　The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately release him from custody.

　　The Court makes the following findings of fact. Petitioner is a native and citizen of Mexico

who has resided in the United States since 2006, when he entered the country without inspection. See ECF No. 5 at 5. Petitioner has spent the last two decades establishing a home in Las Vegas, Nevada. See id. On January 18, 2026, he was arrested on a DUI charge then transferred to ICE custody the following day. See id. On January 19, 2026, DHS commenced removal proceedings against him, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Notice to Appear, ECF No. 13-2.

The Court—while also acknowledging that the BIA decision Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] has recently been vacated under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)[1]—*independently* rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding

---

[1] See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).

1  the due process rights of noncitizens in Petitioner's position, including the Court's findings
2  regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S.
3  103 (2020) to contend that all undocumented noncitizens present in this country have no right to
4  due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig.
5  and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the
6  Court finds that Respondents' civil detention of Petitioner without a bond hearing and without
7  providing any individualized, constitutionally recognized justification for his detention violates
8  his procedural and substantive due process rights. See id.

9      The Court therefore orders Respondents to provide Petitioner a constitutionally adequate
10  bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the
11  government bears the burden of establishing, by clear and convincing evidence, an individualized,
12  constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is
13  necessary to prevent danger to the community or to ensure his future appearance at removal
14  proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial
15  liberty interest at stake . . . we hold that the government must prove by clear and convincing
16  evidence that an alien is a flight risk or a danger to the community to justify denial of bond.")
17  abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir.
18  2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted
19  that the government bore the burden to establish by clear and convincing evidence that [a detained
20  noncitizen] is a danger to the community").

21      Consistent with its broad equitable authority to fashion a habeas remedy for unlawful
22  detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty
23  that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing
24  promptly, no later than **March 6, 2026**, or immediately release him from custody on his own
25  recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

26      Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for
27  Writ of Habeas Corpus is **GRANTED**.
28      **IT IS FURTHER ORDERED** that the (ECF No. 6) Motion for Temporary Restraining

Order is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, no later than **March 6, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 6, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **April 6, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 9, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 3, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**